875 F.2d 868
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andrea Morales DEGUZMAN, and Juan Leonon Hoyos a/k/a Juan
Leonor Hoyos, Defendants-Appellants.
 Nos. 88-5360, 88-5381, 88-5361 and 88-5362.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1989.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and FRIEDMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Convicted on two counts of theft of traveler's checks, both defendants were sentenced to two consecutive ten-year prison terms. Both defendants filed appeals challenging their sentences. Because motions to reduce sentence under Fed.R.Crim.P. 35(b) had been filed in the district court on behalf of the defendants and had not been ruled on at the time these cases were submitted, we remanded the cases to the district court for rulings on the pending motions. We retained jurisdiction over the appeals and authorized the defendants to petition us for reconsideration in the event the district court denied the motions to reduce sentence. The district court (William O. Bertelsman, J.) has now denied the motions, and the defendants have petitioned for reconsideration.
 
 
 2
 We find nothing improper in the sentences imposed by the district court. The sentences challenged here are not governed by the new sentencing guidelines, and are subject to very limited appellate review. As we recently reemphasized, our "review of a sentencing court's decision is characterized by the utmost deference.... [I]t is not normally the role of an appellate court to second-guess the trial judge's determination of an appropriate sentence." United States v. Miller, --- F.2d ---- (6th Cir. March 20, 1989) (quoting United States v. McCann, 835 F.2d 1184, 1187 (6th Cir.1987), cert. denied, --- U.S. ----, 108 S.Ct. 2004 (1988)). The sentences were within the range authorized by 18 U.S.C. Sec. 2113(b), the statute under which the defendants were convicted.
 
 
 3
 The defendants argue that the sentences were so disproportionate to the offenses as to constitute cruel and unusual punishment. We disagree. The only case in which the Supreme Court has recognized such a disproportionality analysis involved a sentence of life in prison without possibility of parole for uttering a "no account" check. Solem v. Helm, 463 U.S. 277 (1983). The defendants cite no cases, and we are aware of none, holding that a parolable sentence of significantly shorter duration than life imprisonment is so disproportionate to the felony as to violate the Eighth Amendment.
 
 
 4
 We have previously recognized that sentences within the statutory range may be set aside on nonconstitutional grounds if there has been "reliance upon erroneous or improper factors or information ... so as to amount to a gross abuse of discretion" or "total failure to exercise discretion" by the district court. United States v. Barbara, 683 F.2d 164, 166 (6th Cir.1982). This is not such a case. The transcript of the sentencing hearing shows that the district court carefully considered the defendants' involvement and the nature of the offenses. The district court need not give the defendants slightly different sentences to prove that it has fully exercised its discretion, nor is the court precluded from giving the maximum sentence authorized by law merely because the defendants have no prior felony convictions.
 
 
 5
 The defendants make much of a comment by the district judge that "in this district we give everybody heavy sentences for robbing a bank." We do not believe that this statement establishes that the district court used an overly mechanical or rigid sentencing approach. It is clear from the context of the statement that the district court was merely emphasizing its view of the severity of the offenses committed here.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The Honorable Bernard A. Friedman, United States District Judge for the Eastern District of Michigan, sitting by designation